```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF INDIANA
                       SOUTH BEND DIVISION

QUINTIN HOLMES,                   )
                                  )
Petitioner,                       )
                                  )
vs.                               )    CAUSE NO. 3:13-CV-437
                                  )
SUPERINTENDENT,                   )
                                  )
Respondent.                       )
```

                          OPINION AND ORDER

This matter is before the Court on the Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus filed by Quintin Holmes on May 17, 2013. For the reasons set forth below, the petition (DE 1) is **DENIED**.

DISCUSSION

Quintin Holmes, a *pro se* prisoner, is challenging the prison disciplinary proceeding (MCF 12-06-195) held by the Miami Correctional Facility Disciplinary Hearing Body (DHB) on June 12, 2013, where he was found guilty of Assault/Battery in violation of B-212. He was sanctioned with the loss of 90 days earned credit time and demotion to credit class 2. The Report of Conduct states that "Offender Holmes, Q. DOC#188081 was observed fighting with Offender Brewer, Marteail in front of the microwave and then in cell 301/302." DE 1-1 at 1. In his petition, Holmes raises two grounds.

First, he argues that he was acting in self-defense. However,

> [I]nmates do not have a constitutional right to raise self-defense as a defense in the context of prison disciplinary proceedings. As such, the [DHB] was under no constitutional obligation to allow [the] claim that he was merely defending himself to serve as a complete defense to the charge of assault.

*Jones v. Cross*, 637 F.3d 841, 848 (7th Cir. 2011) (citation omitted). Thus, this ground does not present a basis for habeas corpus relief.

Second, Holmes argues that he has been retaliated against for filing grievances.

> After complaining to staff here at M.C.F. about certain individuals stealing my things and, leaving things in my room while I was at work, After complaining about this for several months, I then became the focus of what staff members call "Random Shake Downs", and "Strip Searches", until I was written up on having "Gang Material" in my room on a B-208, "Gang Material" which was placed in my room by a another individual, the same activity that I was reporting to staff about a month prior to this situation.

DE 1 at 4-5. This argument has nothing to do with the disciplinary charge that Holmes is challenging in this habeas corpus petition. The issue here has to do with his Assault/Battery charge, not his Gang Material case. Nothing that occurred in that other case is a basis for finding that he is entitled to habeas corpus in this case. Therefore this ground presents no basis for habeas corpus relief here.

<u>CONCLUSION</u>

For the reasons set forth above, the petition (DE 1) is **DENIED**.

DATED: June 10, 2013　　　　　　　　　/s/RUDY LOZANO, Judge
　　　　　　　　　　　　　　　　　　　United State District Court